IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JIM ELTON HODDER                                                                                      PLAINTIFF

V.                                                                                         NO. 4:14-CV-4-DMB-SAA

ERNEST LEE, Superintendent;
FAYE NOEL, Warden; and
MILDRED ROME, Lieutenant                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Inmate Jim Elton Hodder, proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 challenging a Rule Violation Report ("RVR") he received after a disciplinary infraction. Affording the plaintiff's complaint liberal construction, the Court finds that it should be dismissed.

**Screening Standards**

Because the plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable legal basis when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim

1

upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Plaintiff's Allegations**

The plaintiff was issued an RVR on August 8, 2013, for possession of major contraband, and a hearing was held as to the accusation on September 12, 2013. The plaintiff argues that the policy of the Mississippi Department of Corrections ("MDOC") requires disciplinary hearings to be held within seven working days of the alleged infraction. He also alleges that he requested an investigation into the RVR, but that the investigator never interviewed him or took his statement. The plaintiff maintains that despite these infirmities in policy and procedure, he was found guilty of the RVR and was suspended from privileges for ninety (90) days. The plaintiff asks the Court to invalidate the RVR at issue and require the defendants to pay the costs associated with this action. He also asks that the Court order an investigation into MDOC's disciplinary department.

**Discussion**

The plaintiff alleges a violation of his due process rights. However, the Court notes that the documents attached to the plaintiff's complaint demonstrate that the plaintiff was given advance, written notice of his disciplinary hearing at which he admitted his guilt of the infraction, as modified by his statement that he believed the RVR should be dismissed due to the lapse of time between the violation and the hearing. Written findings as to the plaintiff's guilt were made. Therefore, the plaintiff was afforded due process, even assuming as true that he was denied the opportunity to

2

speak to the investigator in advance of the hearing. *See Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009) (setting forth due process requirements of a prisoner subject to disciplinary charges); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"). Similarly, the requirement that disciplinary hearings be held within seven days is a prison regulation and is not enforceable in a § 1983 suit. *See id; see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that prison officials' failure to follow their own rules does not establish a constitutional violation).

Additionally, a prisoner's constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A ninety-day loss of privileges is not the type of atypical and significant hardship in relation to the ordinary incidents of prison life with which the Due Process Clause is concerned. *See, e.g., Lewis v. Dretke*, 54 F. App'x 795, 2002 WL 31845293 (5th Cir. Dec. 11, 2002) (finding thirty days of cell and commissary restrictions, ninety days of loss of telephone privileges, fifteen days of solitary confinement, and reduction in custody and classification status did not implicate any constitutionally protected liberty interests); *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997) ("Where Plaintiff lost privileges (other than good time credits), his due process claim is dismissed with prejudice as frivolous.").

## Conclusion

Based on the above analysis, the plaintiff's allegations fail to assert a cognizable constitutional violation. Therefore, this action is **DISMISSED WITH PREJUDICE** as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The

3

plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED,** this the 15th day of July, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**